J-S56030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RONALD L. HEICHEL | |
| Appellant | No. 1821 MDA 2015 |

Appeal from the PCRA Order September 21, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001690-2009

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 26, 2016**

Appellant, Ronald Heichel, appeals from the order denying his petition pursuant to the Post Conviction Relief Act ("PCRA"). Heichel argues that the PCRA court erred in concluding that his trial counsel was not ineffective in failing to pursue and develop evidence that that another man had committed the murder for which Heichel is serving a lifetime sentence. We affirm.

Heichel was accused of murdering Samuel Boob at the behest of Boob's wife, Mirinda Boob. Heichel's and Mirinda's cases were consolidated for trial, with the Commonwealth presenting evidence that Heichel laid in wait in the Boobs' garage and shot Samuel at the direction of and with the assistance of Mirinda. The co-defendants pursued antagonistic defenses at

_____

[*] Former Justice specially assigned to the Superior Court.

trial, with Heichel arguing that Mirinda had shot Samuel herself, or had hired another person to do so. In contrast, Mirinda contended that Heichel had killed her husband, and that she was unaware of his actions.

During the trial, the District Attorney's Office provided the defense with a report of a police interview with a potential witness, "Eddy, the pizza guy." "Eddy" stated that Mirinda had asked him to kill her husband for her. Heichel's trial counsel reviewed the report, and ultimately declined to call "Eddy" or pursue a theory that Eddy had killed Samuel Boob.

The jury convicted both Heichel and Mirinda of first degree murder, among others, and the trial court sentenced both to life in prison without the possibility of parole. In his post-sentence motion, Heichel argued that the trial court had erred in precluding him from presenting evidence that "Eddy" was the shooter. In response, the trial court noted that it had not precluded Heichel from pursuing this theory, but had merely prohibited the Commonwealth from doing so. This Court affirmed the judgment of sentence, and on October 2, 2012, the Supreme Court of Pennsylvania denied review.

On March 13, 2013, Heichel filed a *pro se* PCRA petition. Counsel was appointed to represent Heichel, and an amended PCRA petition was subsequently filed. After a hearing, the PCRA court denied Heichel relief. This timely appeal followed.

On appeal, Heichel has abandoned all claims save one. **See** Appellant's Brief, at 10, n.1. Heichel contends that trial counsel was ineffective in failing to pursue and present evidence supporting the theory that "Eddy" had killed Samuel Boob. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

"[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2).

It is well settled that

> [t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012). "Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citation omitted). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *See Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

The PCRA court found that Heichel had not proved that pursuing the theory that "Eddy" had killed Samuel Boob "would have been successful or even reasonable." PCRA Court Opinion, 9/21/15, at 3. Heichel presented the testimony of trial counsel at the PCRA hearing in an effort to establish this claim:

> Q. Let's talk about the issue of Eddie the pizza guy. Can you remember exactly what came up with that, and why was that significant to your defense?
>
> A. I believe [District Attorney] Ms. Stacy Parks Miller at the end of one of the trial days just received a report, further information about in Centre Hall somebody named Eddie working at [a pizza shop] or something like that, and provided – it was either a one- or two-page I guess police report of this interview with this gentleman.
>
> I believe Judge Ruest gave – maybe I have it wrong, gave us the weekend to try to figure out what was going on, to research it, maybe it was the night.
>
> That being said, my trial strategy all along, especially considering most of the witnesses dealt with Mirinda, was to pin the blame on Mirinda.

The testimony regarding what she told Wes Decker and what he ultimately testified to was that she wanted her husband dead. She would do anything to make it happen, and if Wes wouldn't do it, quote, I'll do it myself. I thought that was the best strategy possible, if you have somebody who had the motive, the means and the opportunity and then frankly says I will do it myself.

*With regard to Eddie the pizza guy, it was interesting, but at best, all it did was call for Mirinda soliciting somebody else to try to kill her husband. It wasn't evidence of this other person actually killing her husband.*

I thought it was cumulative in that we already had Wes Decker saying she asked me to kill her husband. I didn't think it furthered the strategy, and quite frankly, I think it would have watered down the strategy of – instead of saying well, somebody did it, I wanted to make sure Mirinda was the person I blamed the entire time, and I did not feel that it added to our strategy.

Q.    You're aware that the Commonwealth had … Eddie the pizza guy, there and ready to testify at trial as well, correct?

A.    That's my understanding, yes.

Q.    And based on the substance of his statement, he would have indicated that Mirinda had, you know, believed he was in the mafia and tried to talk with him about this, but he had absolutely nothing to do with the murder in this case, correct?

A.    Something along the lines of because he worked at a pizza shop he must be involved in the mafia. Again, I was aware of that. It just didn't seem like something I wanted to divert the jury's attention to.

Q.    And absolutely none of the other physical evidence, including the text messages or other statements, pointed to Eddie at all, correct?

A.    As far as I'm aware, nothing pointed to Eddie.

N.T., PCRA Hearing, 10/24/14, at 25-27 (emphasis supplied). Heichel points to no other evidence linking "Eddy" to the slaying.

Heichel argues that we should disbelieve trial counsel's testimony on strategy due to his mistaken assertion, in post-sentence motions, that the trial court had prohibited him from pursuing this theory of the case. However, we agree with the PCRA court that we need not even reach the issue of strategy, as Heichel has not established arguable merit. He has presented no evidence that trial counsel should have presented evidence regarding "Eddy." Heichel can point to no evidence that links "Eddy" to the crime. Furthermore, "Eddy's" testimony would have only been cumulative to other testimony that established that Mirinda was looking for someone to murder her husband. The trial court therefore did not err in dismissing Heichel's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2016